UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOSHUA HOLLINS,

Plaintiff,

v.

RANGEL, et al.,

Defendants.

Case No.: 1:26-cv-07752-EGC (PC)

**FINDINGS AND RECOMMENDATIONS TO DENY APPLICATION TO PROCEED IN FORMA PAUPERIS**

(Doc. 2)

14-Day Objection Period

Clerk of the Court to Assign District Judge

Plaintiff Joshua Hollins is appearing pro se in this civil rights action pursuant to 42 U.S.C. section 1983.

**I. BACKGROUND**

Plaintiff initiated this action by filing a complaint and an application to proceed *in forma pauperis* (IFP) on September 23, 2026. (Docs. 1 & 2,)

An Inmate Statement Report was submitted on September 24, 2026. (Doc. 6.)

**II. DISCUSSION**

Plaintiff's IFP application indicates he has received money from "other sources" within the past twelve months (Doc. 2 at 1) and has available cash in the sum of "$2,500.00" (*id*. at 2). His Inmate Statement Report indicates a starting balance of $152.75 on March 1, 2026 and current available balance of $3,754.37. (Doc. 6.) Significantly, a deposit of $8,337.38 was made

on April 10, 2026. (*Id*. at 1.) Despite numerous transactions between April 10 and September 23, 2026 (*id*. at 1-3), as noted above, $3,754.37 in cash remains available to Plaintiff.

Prisoners may proceed "without prepayment of fees" by submitting "an affidavit that includes a statement of all asserts such prisoner possesses [and] that the person is unable to pay such fees …." 28 U.S.C. § 1915(a)(1). Although an IFP applicant need not be "destitute," a showing of indigence is required. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). And proceeding IFP is a privilege not a right. *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965). The district court has wide discretion in acting upon IFP motions, particularly in civil actions brought by prisoners. *Torres v. Garcia*, 444 F.2d 537 (9th Cir. 1971).

Here, despite declaring he is unable to pay the fees for this action, Plaintiff has sufficient funds to pay the full filing fee. On the date he filed his complaint, Plaintiff's trust account had a balance of $3,754.37. Thus, Plaintiff had more than adequate funds available to pay the $405.00 filing fee and he should not be permitted to proceed IFP in this action. *See, e.g.*, *Solomon v. Tapia*, No. 1:22-cv-01604-HBK (PC), 2023 WL 1806232, at *1 (E.D. Cal. Jan. 4, 2023) (noting $6,304.38 in available funds and recommending IFP be denied because plaintiff had "sufficient funds to pre-pay the $402 filing fee in full to commence this action"), *recommendation adopted*, No. 1:22-cv-1604-ADA-HBK (PC), 2023 WL 2024925 (E.D. Cal. Feb. 15, 2023); *Casey v. Haddad*, No. 1:21-cv-00855-SKO-PC, 2021 WL 2954009, at *1 (E.D. Cal. June 17, 2021) (finding prior balance of $1,000, despite being decreased to $470 shortly before filing action, sufficient to pay $402 filing fee), *recommendation adopted*, No. 1:21-CV-00855-DAD-SKO-PC, 2021 WL 2948808 (E.D. Cal. July 14, 2021); *Riddell v. Frye*, No. 1:21-cv-01065-SAB-PC, 2021 WL 3411876, at *1 (E.D. Cal. July 9, 2021) (finding available balance of $1,297.21 sufficient to pay $402 filing fee), *recommendation adopted*, No. 1:21-CV-01065-DAD-SAB-PC, 2021 WL 3472209 (E.D. Cal. Aug. 6, 2021).

In sum, Plaintiff is not indigent. *Adkins*, 335 U.S. at 339-40. Therefore, he is not entitled to proceed IFP and should be ordered to pay the full filing fee to proceed with this action.

//

//

## III. CONCLUSION AND RECOMMENDATIONS

Accordingly, this Court **HEREBY ORDERS** the Clerk of the Court to randomly assign a district judge to this action.

Further, for the reasons stated above, the undersigned **HEREBY RECOMMENDS** that:

1. Plaintiff's application to proceed IFP (Doc. 2) be **DENIED**; and
2. Plaintiff be **ORDERED** to pay the $405 filing fee for this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 25, 2026**

Erin Sing Castillo

UNITED STATES MAGISTRATE JUDGE